**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RODOLFO CORDOVA-CHAVEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

Nos.   15-72660
       16-70304

Agency No. A205-311-600

MEMORANDUM[*]

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before:      TASHIMA, BYBEE, and WATFORD, Circuit Judges.

In these consolidated petitions for review, Rodolfo Cordova-Chavez, a

native and citizen of Mexico, petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ")

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT") (petition No. 15-72660), and the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

BIA's order denying his motion to reopen (petition No. 16-70304). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016). In 15-72660, we deny in part and dismiss in part the petition for review. In 16-70304, we deny the petition for review.

Substantial evidence supports the agency's denial of CAT relief because Cordova-Chavez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We lack jurisdiction to consider Cordova-Chavez's unexhausted contention that the IJ erred in stating that a corrupt police officer was not a public official acting in an official capacity. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

Cordova-Chavez does not raise, and therefore waives, any challenge to the agency's dispositive determination that his application for asylum was untimely filed and that his proposed particular social groups were not cognizable. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived). Thus, Cordova-Chavez's asylum and withholding of removal claims fail.

In light of this disposition, we do not address Cordova-Chavez's contentions regarding the agency's particularly serious crime determination. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (the courts and the agency are not required to make findings on issues the decision of which is unnecessary to the results).

Cordova-Chavez does not raise any contentions challenging the agency's dispositive determination that his motion to reopen was untimely filed. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

No. 15-72660:  **PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

No. 16-70304:  **PETITION FOR REVIEW DENIED.**